### STOCKTON *v.* CREAGER ET AL.

PLEADING.—*Contract.*—A. subscribed a certain sum to a corporation, payable in land, and the corporation assigned the subscription to B., and gave him a written order in his favor on A., for the amount thereof, which A. accepted and verbally agreed to pay; and upon demand of B. for compliance, A. made and tendered to B. a deed of conveyance of certain land, which B. refused to accept, on the ground that it was not of the value of the amount subscribed. Suit by B. against A., the corporation being made a defendant to answer as to its interest, the complaint alleging these facts and setting out a copy of said order, but the subscription not being made a part of said complaint.

*Held,* that the complaint was not good as a complaint on the subscription, but was good as a complaint on the order and the acceptance thereof.

SAME.—*Answer.*—An answer in such case, relying upon the tender of a conveyance of land by the defendant to the plaintiff, was bad on demurrer for not alleging that the land was of the value of the amount subscribed.

EVIDENCE.—*Proof of Acceptance of Order.*—On the trial in such case, there being an answer of general denial, it was necessary for the plaintiff to prove the acceptance by the defendant of said order.

From the Tippecanoe Circuit Court.

*LaRue & Ball,* for appellant.

*Jones, Miller & Rising,* for appellees.

DOWNEY, J.—Action by Creager and Wortman against Stockton and the Lafayette Opera House Association. Stockton subscribed eight hundred dollars to the said Opera

House Association, payable in lands. The subscription was assigned by the association to Creager and Wortman, and an order was given for the amount on Stockton in their favor, which, they allege, he verbally accepted. They demanded of Stockton a compliance with the contract. He made and tendered a deed for one hundred and sixty acres of land, which they refused to accept, on the ground that it was not of the value of eight hundred dollars. Thereupon, they brought this action against Stockton, making the association a defendant to answer as to its interest in the cause of action. The association made default.

The defendant Stockton answered in three paragraphs, to the third of which a demurrer was sustained, and there was a reply to the second, the first being a general denial. A trial by jury ended in a verdict for the plaintiffs, and after the overruling of a motion for a new trial, made by the defendant Stockton, there was final judgment for the plaintiffs.

Errors assigned:

1. Sustaining the demurrer to the third paragraph of the answer.

2. The complaint does not state facts sufficient to constitute a cause of action.

3. Overruling the motion of the defendant for a new trial.

We should first inquire as to the sufficiency of the complaint. The objection made to it is, that the subscription sued on is not made part of the complaint. The complaint not only alleges the making of the subscription by the appellant and an assignment thereof to the plaintiffs, but it also alleges that the Opera House Association gave a written order for the amount of the subscription on the defendant in favor of the plaintiffs. This order is set forth in the complaint, and it is alleged that the defendant accepted the same and verbally agreed to pay the amount. The subscription is not copied in or made part of the complaint. We must regard the complaint as founded upon the order

and the acceptance thereof, and not on the subscription and assignment. As a complaint on the subscription, it could not be sustained under the objection now and in this form made to it. Assuming that the complaint is a sufficient complaint upon the order and the alleged acceptance of it, we proceed to examine the other questions.

The third paragraph of the answer did not allege that the lands which the defendant Stockton offered to convey were of the value of eight hundred dollars, and was not, for this reason, we think, a good bar to the action.

Upon the last assignment of error, we think the judgment must be reversed. There was no evidence of any acceptance by the defendant of the order drawn upon him by the Opera House Association in favor of the plaintiffs. Conceding that an oral acceptance of the order would have been sufficient, still there was no evidence of any such acceptance. The general denial being in, this evidence was essential to make out the plaintiffs' case.

The judgment is reversed, with costs, and the cause remanded.

Petition for a rehearing overruled.